**UNITED STATES of America,**
**Plaintiff,**

v.

**Abdul–Wahaly ORE–IRAWA,**
**Defendant.**

No. 99–80332.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 3, 1999.

Cynthia Oberg, Asst. U.S. Attorney, Detroit, MI, for Plaintiff.

Andrew Densemo, Federal Defender Office, Detroit, MI, for Defendant.

### *OPINION AND ORDER*

FEIKENS, District Judge.

## I. INTRODUCTION

Defendant Abdul–Wahaly Ore–Irawo (Ore–Irawo), a Nigerian national, is charged with a total of ten counts of credit card fraud, bank fraud, and aiding and abetting the same. He has filed a motion to suppress evidence seized from his residence on Fourth Amendment grounds. He has also filed a motion to dismiss the indictment and/or to suppress evidence based on an alleged violation of the Vienna Convention on Consular Relations. For the reasons that follow, both motions are denied.

## II. FACTS

After an evidentiary hearing held on November 30, 1999, I find the following essential facts in accordance with Federal Rule of Criminal Procedure 12(e):

On January 31, 1997, United States Secret Service Agents obtained a complaint and arrest warrant for Ore–Irawo. The testimony of Special Agent Michael Evans established that on February 6, 1997, the agents determined that Ore–Irawo was at home in his apartment. They knocked on the door, and when defendant opened the door they entered with the arrest warrant

and arrested him. The agents did a protective sweep of the apartment and Evans secured Ore–Irawo in handcuffs. Defendant was given his *Miranda* warnings and declined to make a statement. Ore–Irawo did, however, sign a form giving consent to the agents to search the apartment. Subsequently, the agents seized several items as evidence of credit card fraud. (See Government's Ex. 3.)

Ore–Irawo was taken into custody and brought before a magistrate within hours of his arrest. He was thereafter released on $20,000 unsecured bond. At no time, either during the time the agents spent in the apartment or prior to his release on bond, was Ore–Irawo informed of his right, pursuant to Article 36 of the Vienna Convention, 21 U.S.T. 77, to contact the Nigerian consul and request assistance.

## III. DISCUSSION

### A. THE FOURTH AMENDMENT MOTION TO SUPPRESS

■ Defendants apartment was searched pursuant to voluntary consent obtained in writing from Ore–Irawo. (See Government's Ex. 1.) Ore–Irawo contended, however, that the agents first searched the apartment and only then did they obtain his consent. Defendant also intimated that he had not understood the nature of the consent form he had signed—that the form had not been explained to him and that he had not read the form before signing it.

I find defendant's testimony in this regard inherently incredible and I do not accept his version of events. Defendant directly contradicts the testimony of Special Agent Evans who testified that the search of the apartment was done only after consent to search was obtained. Having listened to both witnesses, I perceive no basis for disbelieving the agent's testimony or doubting his credibility.

Defendant testified that he understands and reads English, and he was articulate when testifying. He conceded that he had not been coerced or threatened. Under the totality of the circumstances, I find that his consent was knowing and voluntary. *See United States v. Erwin,* 155 F.3d 818, 823 (6th Cir.1998) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). The search pursuant to consent was valid; defendant's motion to suppress evidence based on the Fourth Amendment is denied.

### B. THE VIENNA CONVENTION MOTION TO DISMISS AND/OR SUPPRESS

The Vienna Convention on Consular Relations, 21 U.S.T. 77, provides, in relevant part, in Article 36:

[I]f [the defendant] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody, or detention shall also be forwarded by the said authorities without delay. **The said authorities shall inform the person concerned without delay of his rights under this subparagraph.**

(emphasis added). Article 36 thus requires that governmental authorities inform an arrested suspect of his right to contact the consular post of his nationality and request assistance. *See Villafuerte v. Stewart,* 142 F.3d 1124, 1125 (9th Cir. 1998).

The parties concede that defendant was not informed, at any time relevant to this motion, of his right to request assistance from the Nigerian consular post. Defendant contends that this violation of Article 36 of the Vienna Convention warrants dismissal of the case or, alternatively, suppression of the evidence obtained. Defendant has advanced two arguments in favor

of this result: (1) the government's failure to inform him of his right to request consular assistance deprived him of the opportunity to request or waive consular assistance before consenting to the search of the apartment, thus vitiating defendant's otherwise knowing and voluntary consent; and (2) dismissal and/or suppression is a prophylactic remedy necessary to enforce the Vienna Convention.

■ The difficulty with defendant's first argument is two-fold. First, nothing in the text of Article 36 of the Vienna Convention requires that an arresting officer inform a defendant of his rights under the Vienna Convention immediately upon arrest or before requesting consent to search. Rather, the Convention requires only that a defendant be informed of his rights "without delay." As the government noted in its brief, available authorities suggest that the term "without delay" refers to a time-period of one to three days. *See* United States Dept. of State, *Consular Notification and Access* (1998) (stating that notification should be given at booking); Consular Convention between the United States and the [former] Soviet Union, 19 U.S.T. 5018 Art. 12 (stating that notification may be given within one to three days). Thus, the fact that the government *eventually* failed to adhere to the provisions of Article 36 has no causal relationship to the validity of defendant's consent.

■ Second, several courts have noted that in order to seek suppression and/or dismissal as a remedy for a violation of Article 36 of the Vienna Convention, actual prejudice must be shown. *See, e.g., United States v. Ademaj,* 170 F.3d 58, 67 (1st Cir.1999); *United States v. Esparza–Ponce,* 193 F.3d 1133, 1138 (9th Cir.1999);[1] *see also United States v. Ediale,* 1999 WL 991435, *1, unpublished, (4th Cir.1999). In order to show actual prejudice under the

Vienna Convention, a defendant must show (1) that he did not know of his right to consular assistance; (2) that he would have availed himself of that right; and (3) that there was a likelihood that the contact with the consul would have resulted in assistance to him. *See Esparza–Ponce,* 193 F.3d 1133, 1138 (quoting *United States v. Rangel–Gonzales,* 617 F.2d 529, 533 (9th Cir.1980)); *United States v. Alvarado–Torres,* 45 F.Supp.2d. 986, 990 (S.D.Cal. 1999). Defendant's motion did not allege, much less did the evidentiary hearing establish, the existence of any of these factors. Most notably, there has been no showing that had Ore–Irawo contacted the consular post, assistance would have been provided.

■ Were this not sufficient, there are two more reasons why defendant has failed to show prejudice in this case. First, the fact that defendant was advised of his rights under *Miranda* before consent to search was requested of him seriously undermines any claim of prejudice. *See Esparza–Ponce,* 193 F.3d at 1138. Second, given my earlier observation that the agents need not have apprised defendant of his Article 36 rights prior to requesting consent to search, it is difficult if not impossible to understand how defendant could have been prejudiced by their failure to do so.

■ Defendant's second argument is that dismissal and/or suppression of the evidence is necessary as a prophylactic measure to ensure compliance with Article 36 and to "manifest integrity" in the treaty. (Defendant's Brief, p. 3.) In making this argument, however, defendant fails to apprehend the critical difference between fundamental, constitutional rights and those rights created by statute or treaty. I find persuasive the language of district

1. One should note, however, that the principal case relied upon by the Ninth Circuit in *Esparza–Ponce, United States v. Lombera–Camorlinga,* 170 F.3d 1241 (9th Cir.1999), has been withdrawn and will be reheard en banc. *See United States v. Lombera–Camorlinga,* 188 F.3d 1177, 1177–8 (9th Cir.1999).

court in *United States v. Chaparro–Alcantara*, 37 F.Supp.2d 1122 (N.D.Ill.1999):

> It is clear that Article 36 does not create a "fundamental" right, such as the Sixth Amendment right to counsel, or the Fifth Amendment right against self-incrimination which originates from concepts of due process. *See Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir.1993) ("[a]lthough compliance with our treaty obligations clearly is required, we decline to equate such a provision with fundamental rights …"); *Esparza–Ponce*, 7 F.Supp.2d at 1097 (refusing to equate a violation of Article 36 to a Miranda violation). Thus, the suppression remedy must be available, if at all, from the Vienna Convention itself. The Court, however, finds nothing in the Vienna Convention that provides for the exclusionary rule as a remedy for violation of its provisions.

*Id.* at 1125–6. *See also Alvarado–Torres*, 45 F.Supp.2d at 994. On these facts, I decline defendant's invitation to engraft an exclusionary rule, much less a rule requiring dismissal of this case, upon the terms of Article 36 of the Vienna Convention.[2]

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to suppress evidence and his motion to suppress evidence and/or dismiss the indictment are denied.

**IT IS SO ORDERED.**

---

[2] Given this resolution of defendant's motion, I have not and need not address the government's argument that the Vienna Convention does not bestow upon defendant private, enforceable rights.